IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Action No. 00-cv-00383 LTB

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,
MARLWOOD COMMERCIAL INC.,
OMEGA GROUP HOLDINGS LTD.,
PINE STREET INVESTMENT LTD.,
PINFORD PORTFOLIO INC.,
HELENDALE TRADING CORP., and
TELOS FINANCE LTD.,

      Plaintiffs,

v.

VIKTOR KOZENY,
LANDLOCKED SHIPPING COMPANY,
PEAK HOUSE CORPORATION, and
TURNSTAR LIMITED,

      Defendants
_____

**ORDER**
_____

This fraud case is before me on the motions of Defendants requesting I recuse myself from this action [**Docket ## 371, 373**], Plaintiffs' response [**Docket # 374**], and Defendants' replies [**Docket # 375, 377**]. Oral argument on these motions was held on October 30, 2008. After consideration of the motions, the papers, and the case file, as well as the arguments made at the hearing, I DENY Defendants' motions [**Docket # 371, 373**].

### I. BACKGROUND

This case involves fraud allegedly perpetrated by Defendant Kozeny against numerous parties, and the interrelationship of Kozeny with the entity Defendants. In December 1999—and pursuant to an English forum selection clause in the underlying contracts which are the subject

1

matter of the fraud allegations—Plaintiff Marlwood filed the initial proceedings in London, England. The London court granted a freezing order against Kozeny's worldwide assets—assets that included a residential property of substantial value located in Aspen, Colorado ("the property"). Because the freezing order was not enforceable outside the jurisdiction of the London court until enforced by a court of the relevant country, this case was brought in this Court.

I entered a preliminary injunction prohibiting dissipation of the property and related personalty on May 22, 2000. On September 25, 2000, I entered a stay of proceedings pending resolution of the London court case, but retained jurisdiction over issues relating to the property. The property has since been sold, and the proceeds have been invested subject to periodic review by this Court. The most recent such review occurred on October 20, 2008, when I permitted the proceeds to be invested in Agency Securities [**Docket # 381**].

## II. NOTICE OF POTENTIAL CONFLICT

On August 11, 2008, my son fell from a roof and suffered an ASIA C spinal cord injury. Since September 11, 2008, he has been a resident of Craig Rehabilitation Hospital in Englewood, Colorado. While he has a tentative discharge date of December 3, 2008, he is expected to be discharged as a quadriplegic.

Because of my son's accident, it was and is necessary for my wife and I to review our estate plans and to protect him through a "special needs trust." I sought the estate-planning services of Connie Smith of the firm Rothgerber Johnson & Lyons LLP ("Rothgerber") and executed an engagement letter with that firm on September 17, 2008. Rothgerber's offices are conveniently located near both my home and my chambers at the Byron Rogers Courthouse.

As a result of my engaging Ms. Smith, on October 1, 2008, I sent notices to counsel in each case in which an attorney affiliated with Rothgerber represented a party in interest. I notified the

parties that I had retained Ms. Smith and allowed the parties to request recusal within ten days [**Docket # 370**].

On October 3, 2008, Defendant Kozeny requested I recuse myself from this case [**Docket # 371**]. On October 6, 2008, Defendants Landlocked Shipping Company and Peak House Corporation also requested my recusal [**Docket # 373**].

### III. ANALYSIS

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "Section 455 contains an objective standard: disqualification is appropriate only where the reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004). "The trial judge must recuse himself when there is an appearance of bias, regardless of whether there is actual bias." *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002).

"The decision to recuse is committed to the sound discretion of the district court." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992). The determination is "extremely fact driven." *Nichols v. Alley*, 71 F.3d 347, 352 (10th Cir. 1995). Nonetheless, as the language in Section 455(a)—"*shall* disqualify himself"—is mandatory, if the issue whether Section 455(a) requires recusal is a close one, the balance tips in favor of recusal. *Id.*

The Fifth Circuit holds that when an attorney for a party has an attorney-client relationship with the presiding judge—even if in an unrelated matter—the relationship between the judge and the attorney calls the judge's impartiality into doubt. *See Potashnick v. Port City Constr. Co.*, 609 F.2d 1101, 1110–12 (5th Cir. 1980). Citing *Potashnick*, the Tenth Circuit held in an unpublished opinion: "We think it is clear that the average person might reasonably question the impartiality of a judge

who is being represented on a personal matter by a lawyer associated with the same law firm as that representing one of the parties in a case before the judge." *Clark v. City of Draper*, No. 96-4006, 1997 WL 157382, at *1 (10th Cir. Apr. 4, 1997) (citing *Potashnick*, 609 F.2d at 1111). The Tenth Circuit noted *Clark*'s holding with approval in another unpublished case. *See Sheffield v. Larsen*, No 96-4131, 1998 WL 427085 (10th Cir. July 21, 1998) ("Like the *Clark* panel . . . we conclude that th[e] judge should have recused himself when the disqualifying circumstances became apparent."). Accordingly, I find and conclude that my retention of Rothgerber for estate planning purposes could lead a reasonable person to question my impartiality in this matter.

In order to remedy the appearance of partiality, Rothgerber withdrew as the attorney of record in this case [**Docket # 383**]. Plaintiffs argue that withdrawal will not result in any hardship to either party, and will preserve the Court's knowledge of the complex nature of this case and its unique procedural history. Each court considering the issue appears to agree that withdrawal of the conflicting counsel will remedy an appearance of partiality under Section 455(a). *See In re Georgetown Park Apartments, Ltd.*, 143 B.R. 557, 559–60 (9th Cir. BAP 1992); *In re Placid Oil Co.*, 802 F.2d 783, 786 (5th Cir. 1986); *S.J. Groves & Sons Co. v. Int'l Bhd. of Teamsters*, 581 F.2d 1241, 1248 (7th Cir. 1978).

Defendants argue—these cases notwithstanding—that I should recuse myself because Rothgerber has played a substantial role in this case. Indeed, it is true that Rothgerber was intimately involved in the significant portions of this litigation that occurred in 2000. In the ensuing eight years, however, Rothgerber's role has been diminished, and Rothgerber now acts in a more ministerial role as local counsel. Although my relationship with Rothgerber is close—at least to the extent Rothgerber has been retained to assist me in my personal estate plans—the relationship postdates Rothgerber's material work in this case. While withdrawal should not be encouraged as a

4

remedy over recusal when withdrawal would result in a hardship to the client of the withdrawing firm—*see S.J. Groves*, *supra*, 581 F.2d at 1248–49—the consequential portions of this case have been resolved for nearly eight years. Plaintiffs argue—and I agree—that they will not suffer a hardship in light of these facts.

## IV.  CONCLUSION

Rothgerber has now withdrawn as Plaintiffs' counsel. Accordingly—and in light of the nature of my engagement with Ms. Smith—I find and conclude that no reasonable person privy to the facts and circumstances surrounding the posture of this case would discern an appearance of bias or partiality on the part of the Court in this matter. Defendants' motions for recusal [**Docket ## 371, 373**] are therefore DENIED.


Dated: October __31__, 2008.

                              BY THE COURT:

                              __s/Lewis T. Babcock_____
                              Lewis T. Babcock, Judge